UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANNY PEREZ AJTUM,

    Petitioner,

v.                                    Case No.:  2:26-cv-00057-SPC-DNF

DAVID HARDIN *et al.*,

    Respondents,
_____/

## OPINION AND ORDER

Before the Court are Danny Perez Ajtum's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 6). For the below reasons, the Court grants the petition.

Perez Ajtum is a native and citizen of Guatemala. He entered the country on December 3, 2018, when he was 14 years old. Immigration and Customs Enforcement ("ICE") apprehended Perez Ajtum, commenced removal proceedings, and released him from custody. The Department of Homeland Security ("DHS") granted Perez Ajtum deferred action based on findings that reunification with a parent was not viable and return to Guatemala was not in his best interest. On October 25, 2023, an immigration judge dismissed Perez Ajtum's removal proceeding based on the deferred action and his eligibility for adjustment of status to lawful permanent resident.

On December 9, 2025, DHS re-detained Perez Ajtum without explanation. An immigration judge took no action in a custody redetermination hearing, following *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). Perez Ajtum remains detained at Glades County Detention Center without the possibility of release on bond.

Perez Ajtum claims he is entitled to a bond hearing as a member of the class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), *amended and superseded by* 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025). The *Maldonado Bautista* court defined the class as follows:

> **Bond Eligible Class:** All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

2025 WL 3713987, at *32. The court found the Department of Homeland Security's policy of categorically denying bond hearings to the class members unlawful, vacated the policy, and entered declaratory judgment in the class's favor. The parties disagree whether *Maldonado Bautista* should be given preclusive effect because the judgment is currently pending on appeal. But even without *Maldonado Bautista*, the Court finds Perez Ajtum entitled to habeas relief.

2

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Perez Ajtum. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Perez Ajtum asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in prior cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Perez Ajtum's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Perez Ajtum has a right

3

to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The Court will thus order the respondents to either bring Perez Ajtum before an immigration judge for a bond hearing or release him within ten days. The Court is aware the Executive Office for Immigration Review is the agency that schedules bond hearings, and in similar cases the respondents have asked the Court to limit any relief to actions and deadlines within ICE's control. To be clear, it is the Court's ruling that subjecting Perez Ajtum to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Perez Ajtum receives the bond hearing he is entitled to under § 1226(a) within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Danny Perez Ajtum's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)     Within ten days of this Order, the respondents shall either (1) bring Perez Ajtum for an individualized bond hearing before an immigration judge or (2) release Perez Ajtum under reasonable conditions of supervision. If the respondents release Perez Ajtum, they shall facilitate his transportation

4

from the detention facility by notifying his counsel when and where he may be collected.

(2)   The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on January 29, 2026.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1